**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-20181**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PEDRO MUNIVE,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-94-CR-300-1)**

_____

January 3, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Pedro Munive appeals his conviction for conspiracy to possess with the intent to distribute and aiding and abetting the possession with the intent to distribute in excess of five kilograms of cocaine. His sole contention on appeal is that the district court erred by denying his challenges for cause to three prospective jurors who testified during voir dire that they would tend to believe the testimony of government agents, forcing him to waste peremptory challenges on those jurors.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To the extent that Munive contends that the denials of his challenges for cause violated his Sixth Amendment right to an impartial jury, the claim fails because he does not contend that any of the jurors who actually served were not impartial. *See Ross v. Oklahoma*, 487 U.S. 81, 88 (1988); *United States v. Webster*, 162 F.3d 308, 342 n.36 (5th Cir. 1998) (citation omitted), *cert. denied*, ___ U.S. ___, 120 S. Ct. 83 (1999). Munive's claim that he was denied his statutory right to free exercise of his peremptory challenges also fails because he has not demonstrated that the district court abused its discretion in determining that the challenged jurors were impartial. *See United States v. Scott*, 159 F.3d 916, 925 (5th Cir. 1998); *United States v. Munoz*, 15 F.3d 395, 397 (5th Cir.), *cert. denied*, 511 U.S. 1134 (1994).

*AFFIRMED*